UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

JEFERSON ISAAC PENA-MOSQUERA,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

Case No. 1:26-cv-500

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.     Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7–8.)

In an Order entered on February 18, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response on February 23, 2026 (ECF No. 5), and Petitioner filed his reply later that same day (ECF No. 6).

## II. Relevant Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2023. *See* Op., *Pena-Mosquera v. Raycraft* (*Pena-Mosquera I*), No. 1:26-cv-122 (W.D. Mich. Feb. 3, 2026), (ECF No. 7, PageID.92). "On December 19, 2025, ICE agents encountered and arrested Petitioner while Petitioner was at Home Depot." *Id.*

On January 13, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Pena-Mosquera I*, No. 1:26-cv-122 (W.D. Mich.). In *Pena-Mosquera I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Pena-Mosquera I*, (W.D. Mich. Jan. 20, 2026), (ECF Nos. 7, 8).

On February 10, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.2; Order Immigration Judge, ECF No. 1-2.) At the conclusion of the hearing, the Immigration Judge denied Petitioner's request for bond because Petitioner "has not established he is not a flight risk." (Immigration Judge Order, ECF No. 1-2, PageID.11.)

## III. Discussion

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch et al.*, No. 1:25-cv-1704 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth

in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.   Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:   February 27, 2026                         /s/ Jane M. Beckering
                                                   Jane M. Beckering
                                                   United States District Judge